fed/pine

___

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

___

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **vs.**                                     **No.   08 CR 146**
                                                               **Honorable Wayne Anderson**

**RANDY PINE,**

    **Defendant.**

___

## DEFENDANT'S MOTION FOR DISCLOSURE OF EXCULPATORY EVIDENCE

___

    NOW COMES Defendant **RANDY PINE**, by and through his attorney EDMUND P. WANDERLING, respectfully moves this Honorable Court, pursuant to the Fifth and Sixth Amendments to the Constitution and Rule 16(a)(1)(C) of the Federal Rules of Criminal Procedure, for entry of an order directing the Government to make inquiry and disclose all evidence which is in any way favorable to the Defendant, either by way of exculpation or mitigation, as required by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), which evidence is within the Government's possession, custody, or control, or the existence of which is known, or by the exercise of due diligence may become known to the attorney for the Government.

Under Brady v. Maryland, 373 U.S. 83,97 (1963), the Government must produce for a defendant all information which is favorable or useful to him in the preparation of his defense. The Government has previously tendered counsel for Mr. Pine a number documents pursuant to local discovery rules.

Therefore, Defendant specifically requests, as suggested in United States v. Agurs, 427 U.S. 97 (1976), disclosure of the following materials and information which were not already delivered to him and which he maintains are "material to the preparation of [his] defense or are intended for use by the Government as evidence in chief at the trial, or were obtained from or belong to the Defendant" under Federal Rule of Criminal Procedure 16(a)(1)(C):

(a) Any and all statements of any nature or description, which statements purport or tend to exculpate the accused, or otherwise negate his guilt or punishment, in whole or in part including but not limited to any statements by any persons which indicate that other individuals were suspected, questioned or interviewed in relation to the instant offense as set forth above..

(b) Any and all statements of any nature or description, which statements purport to describe the crimes alleged, in whole or in part, but which statements fail in any particular to refer to acts or omissions by the accused that the Government has charged and/or intends to prove at trial; including but not limited to:

(i) Any and all discussions with or statements from any other potential Government witness which exculpate the accused.

(ii) Any and all discussions had with any potential witness or law-enforcement

officer or agent either before or after which could reasonably have been expected to prompt

inculpatory or otherwise negative responses concerning RANDY PINE, but resulted instead in an exculpatory response or lack of response.

    c.    The existence of any and all laboratory reports and/or test results which fail to implicate Defendant; including but not limited to fingerprint analysis, handwriting analysis, voice identification, polygraph examination, photo-spread identifications, or the results of any proffer or discussion with any prospective Government witness, agent, confidential informant, or cooperating co-defendant.

If the Government withholds any of the materials or information requested in this motion, Defendant requests the Government state the grounds on which the material or information is being withheld. Importantly, Defendant would note the "Jencks Act," 18 U.S.C. §3500, presents no obstacle to production and disclosure in this case because the constitutional requirements of the Due Process Clause control over the terms of a congressional enactment. United States v. Starusko, 729 F.2d 256, 263 (3d Cir. 1984).

Defendant further requests that this Court's order be in the nature of a continuing order upon the Government to produce such evidence which may be favorable to the Defendant at any time, including any materials or information derived following any plea agreement offered prior to trial.

WHEREFORE, the Defendant, RANDY PINE, prays that this motion be granted.

                                                  Respectfully submitted,

                                                  s/ Edmund P. Wanderling
                                                  Edmund P. Wanderling
                                                  Attorney for RANDY PINE

EDMUND P. WANDERLING
Attorney at Law
2505 So. Des Plaines Avenue
North Riverside, Illinois 60546
(708) 443-5400