fed/pine

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

vs.                                     **No. 08 CR 146**
                                              **Honorable Wayne Anderson**

**RANDY PINE,**

        **Defendant.**

**DEFENDANT RANDY PINE'S MOTION FOR**
**IMMEDIATE DISCLOSURE OF IMPEACHING EVIDENCE**

        NOW COMES Defendant **RANDY PINE**, by his attorney EDMUND P. WANDERLING, pursuant to Rule l6(a)(1) of the Federal Rules of Criminal Procedure and the principles enunciated in Giglio v. United States, 427 U.S. 97 (l976) and United States v. Bagley, 473 U.S. 667 (l985) moves the Court to require the government to disclose immediately any previously undisclosed evidence or information in its possession, custody, or control, the existence of which is known, or by the exercise of due diligence may become known, which bears in any fashion upon the credibility of a government witness, agent, cooperating individual, confidential informant, or co-defendant, or which consists of documents or tangible objects which are material to the preparation of the defense or are intended for use by the government as evidence at trial.

        Defense counsel has received from the government certain information and documents pursuant to Local Rule 16.1. Defense counsel has no reason to believe that the government has failed to comply fully with this requirement. However, the instant motion is nonetheless required in order to preserve on the record any issues under the foregoing

authorities, as the protections afforded thereunder are contingent upon a defense request. See Bagley, 437 U.S. at 671 (failure to disclose evidence after specific request more likely to be held "material" since defense counsel may have detrimentally relied upon evidence not being in existence).

By the same token, defense counsel specifically request such impeaching evidence with respect to any cooperating government witness which would be utilized as to Mr. Stillo.

The information requested includes, but is not limited to, the following:

1. Any documentary evidence or information which contradicts or is inconsistent with the expected testimony of any witness for the government.

2. Any prior statements of a witness for the government which are inconsistent with his or her expected trial testimony.

3. Any grants of immunity, favors, or promises of any kind made to a witness in connection with obtaining his or her testimony, whether bargained for or not. The defendants also request disclosure (prior to the disclosure of Jencks Act material) debriefings concerning investigations or possible violations of law pending at the time of any agreement to become a government witness. In addition, the Defendant requests the government be ordered to affirmatively state the onus for any witness with an agreement to cooperate with the government. This includes any plea agreement entered into between the government and the witness pursuant to which, or as a result of which, the witness is testifying against the accused in this case or on behalf of the government at any other trial, grand jury or other proceeding or is furnishing data or information to the government.

4. An accounting of any money paid to any witness by the government including, but

not limited to, rewards, subsistence payments, expenses or payments made for specific information supplied to the government, as well as any record of payment of local, state, or federal funds made to such persons.

    5. Any assistance provided by any attorney or agent of the government to a witness for any reason, including assistance with the witness' customers, a licensing agency, law enforcement or parole agency, or any other agency of federal, state or local government.

    6. The criminal identification and history sheet of each government witness.

    7. Any criminal charges pending against any government witness which have not been disposed of either by conviction or acquittal.

    8. Any criminal activity in which a government witness has engaged which has not resulted in prosecution or conviction.

    9. Any evidence that any prospective government witness is biased or prejudiced against any defendant or has any motive to falsify or distort his/her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1998).

    10. The foregoing request pertains to any government witness, including any defendant who decides to enter a change-of-plea and cooperate with the instant prosecution. With respect to the above-referenced individuals as well as any other cooperating individuals or informants, Defendant further requests criminal records, United States v. Auten, 632 F.2d 478 (5th Cir. l980); United States v. Alvarez-Lopez, 559 F.2d ll55 (9th Cir. l977); all promises of consideration given to the witness, Giglio v. United States, 405 U.S. l50 (l972); United States v. Mayer, 556 F.2d 245 (5th Cir. l977); identification of the informant's prior testimony, Johnson v. Brewer, 521 F.2d 556 (8th l975); evidence of psychiatric treatment, United States v. Lindstrom, 698 F.2d ll54 (llth Cir. l983); United

States v. Partin, 493 F.2d 750 762-64 (5th Cir. l974); and evidence of the informant's narcotic habit, United States v. Fowler, 465 F.2d 664 (D.C. Cir. l972). The inherent unreliability of the testimony of an accomplice or government informant underscores the need for complete disclosure of information relating to credibility. See United States v. Caldwell, 446 F.2d 611 (9th Cir. l972). Failure to disclose impeachment evidence requires a new trial if undisclosed evidence was "material" such that disclosure would, within "reasonable probability," affect the result of the proceeding. United States v. Bagley, 473 U.S. 667 (l985).

  WHEREFORE, for the above-noted reasons, Defendant RANDY PINE respectfully prays this Court grant the instant motion.

               Respectfully submitted,

               s/ Edmund P. Wanderling
               Edmund P. Wanderling
               Attorney for RANDY PINE

EDMUND P. WANDERLING
2505 So. Des Plaines Avenue
North Riverside, Illinois 60546
(708) 443-5400