fed.pine

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

vs.                                                                  No.    08 CR 146
                                                                     Honorable Wayne Anderson
**RANDY PINE,**

      **Defendant.**

**MOTION FOR AN ORDER REQUIRING**
**THE GOVERNMENT TO GIVE NOTICE OF ITS INTENTION**
**TO USE OTHER CRIMES, WRONGS, OR ACTS EVIDENCE**

NOW COMES Defendant **RANDY PINE**, by his attorney EDMUND P. WANDERLING, moves this Honorable Court, pursuant to Federal Rules of Criminal Procedure 12(d)(2), and Federal Rules of Evidence 104(a) and (c), for an order requiring the government to give notice of its intention to utilize, for any purpose, the following during case-in-chief, during cross-examination or in its rebuttal case:

1. Evidence of "other crimes, wrongs, or acts" of the defendant, as that phrase is used in the Federal Rule of Evidence 404(b).

    (a) In regard to said notice, the government should identify and describe;

        (i) The dates, times, places and persons involved in said other crimes, wrongs, or acts;

        (ii) The statements of each participant in said other crimes, wrongs or acts;

1

      (iii)  The documents which contain evidence of other crimes, wrongs, or acts, including when the documents were prepared, who prepared the documents and who has possession of the documents; and

      (iv)  Copies of audio and or video recordings of those crimes, wrongs or acts;

      (v)  The issue or issues on which the government believes said other crimes, wrongs or acts evidence is relevant and admissible within Federal Rules of Evidence 404(b).

2. Evidence of "specific instances of conduct" of these defendants, as that phrase is used in Federal Rules of Evidence 608(b).

    (a)  In regard to said notice, the government should identify and describe:

      (i)  The dates, times, places and persons involved in said specific acts of misconduct;

      (ii)  The statements of each participants in said specific acts of misconduct; and

      (iii)  The documents which contain evidence of said specific acts of misconduct; including when the documents were prepared, who prepared the documents, and who has possession of the documents.

3. For purposes of continuing disclosure and to put the government on specific notice, Randy Pine requests this Court enter an order directing the government to disclose the above requested information by the next status date currently set by this Court to allow defendants an adequate opportunity to investigate and respond to this evidence.

4. Early discovery of prior bad acts of both defendants and witnesses is mandated by Rule 404(b) and essential to building a proper defense. Indeed, Fed. R. Evid. 404(b) provides in relevant part that:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes[ ], provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce.

Fed. R. Evid. 404(b).

5. In addition, both defendants move for production of all evidence not yet tendered, including documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests or convictions or prior bad acts. Evidence of prior record is discoverable under Fed. R. Crim. P. 16(a)(1)(B). Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. This request also includes any "rap sheets" or NCIC computer checks and printouts.

6. Early discovery of such evidence is also proper because the defendants have a right to challenge the use of such evidence at trial by filing a motion in limine. Failure to disclose such information could result in exclusion at trial.

In order for bad acts to be admissible, the evidence must be relevant to one of the permissible purposes contained within Rule 404(b). In challenging this material, it is critical that the government enunciate the precise relevancy of the prior act. Huddleston v. United States, 108 S.Ct. 1496 (1988); United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir. 1982). It is axiomatic that where certain issues are not in dispute, the prior act evidence will become irrelevant and inadmissible.

WHEREFORE, for the above-noted reasons, Defendant RANDY PINE respectfully requests that this motion be granted.

Respectfully submitted,

/s/ Edmund P. Wanderling
EDMUND P. WANDERLING
Attorney for RANDY PINE

EDMUND P. WANDERLING
2505 So. Des Plaines Avenue
North Riverside, Illinois 60546
(708) 443-5400